UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL SWANBOM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:24 -cv-00171-KES-SAB<br><br>ORDER ADOPTING IN FULL AMENDED FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT TRAVELERS COMMERCIAL INSURANCE COMPANY'S MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>Docs. 11, 17, 18 |

On April 3, 2024, Travelers Commercial Insurance Company's ("defendant" or "Travelers") moved to dismiss Joel and Katie Swanbom's ("plaintiffs") complaint with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 11.

This action arises out of an insurance policy dispute connected to the sale of a home. Plaintiffs held two Travelers homeowners insurance policies that included liability coverage. Doc. 1 ¶ 1. On or about January 27, 2018, plaintiffs sold their single-family home to a third party buyer. *Id.* ¶ 10. At some point after the sale, the buyer notified plaintiffs of certain damages the buyer allegedly suffered regarding the property and contended that plaintiffs had failed to disclose various defects in connection with the sale. *See* Doc. 1. Plaintiffs tendered the claim to defendant. *Id.* ¶ 36. Thereafter, the buyer filed a complaint against plaintiffs in state court on July 16, 2020. Doc. 11-2, Ex. A ("state complaint"). The state complaint, which was subsequently amended, asserted the following causes of action: (1) fraudulent inducement to enter

1

1 contract; (2) fraudulent concealment; (3) negligence; (4) breach of written contract for sale of
2 property; (5) violation of Civil Code § 1102, et seq.; and (6) aiding and abetting.  Doc. 11-2 at 2.
3 Travelers denied plaintiffs' tendered claim, refusing to defend or indemnify them in the
4 underlying lawsuit.  Doc. 1 ¶¶ 20, 22, 24.  Plaintiffs and the buyer eventually settled the case.  *Id.*
5 ¶ 23.  After that settlement, Travelers notified plaintiffs that it would not reimburse plaintiffs for
6 either the settlement or the costs plaintiffs incurred to defend against the buyer's suit.  *Id.* ¶ 24.

7     Plaintiffs filed the present action against Travelers on February 6, 2024, alleging breach of
8 contract and breach of the covenant of good faith and fair dealing.  Doc. 1.  Travelers' motion to
9 dismiss was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and
10 Local Rule 302.  Docs. 11, 12.  The magistrate judge issued findings and recommendations
11 recommending that the motion be granted with leave to amend.  Docs. 17, 18.  The findings and
12 recommendations were served on the parties and contained notice that any objections were to be
13 filed within fourteen (14) days of the date of service.  Doc. 18.  On June 20, 2024, plaintiffs
14 timely filed objections.  Doc. 19.

15     In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de
16 novo review of this case.  Having carefully reviewed the file, the Court adopts the findings and
17 recommendations in full, concluding that they are supported by the record and by proper analysis.
18 The magistrate judge correctly concluded in the findings and recommendations that the
19 fundamental nature of the transaction between the buyer and plaintiffs was economic and that the
20 buyer's claims were for economic losses flowing from plaintiffs' failure to disclose material
21 defects in connection with the sale of the property.  Doc. 18.  The findings and recommendations
22 appropriately found that plaintiff failed to state a claim against Travelers for breach of contract or
23 for breach of a duty to defend plaintiffs in the buyer's state action.  *Id.*

24     In their objections to the findings and recommendations, plaintiffs essentially reiterate
25 arguments they previously made in opposition to Travelers' motion to dismiss.  Plaintiffs
26 principally argue that the magistrate judge should have denied the motion to dismiss because the
27 buyer's state complaint contained sufficient allegations that plaintiffs' negligent conduct caused
28 property damage and loss of use for the buyer.  *See generally* Doc. 19.  For example, plaintiffs

1  claim in their objections that while they "may have intentionally made the alteration, for example,
2  to the pool equipment, . . . the defects in their alleged negligent modifications were unknown to
3  them and accidentally caused damage to other physical property." *Id.* at 19.  Plaintiffs further
4  contend that they need only show the "bare possibility" of coverage. *Id.* at 15.

5        Plaintiffs rely heavily on the limited allegations in the state complaint that plaintiffs'
6  conduct may have caused future property harm or loss of use, for example, that "[t]he pool
7  equipment was not in good operating condition in view of defective and improperly maintained
8  pump, filter, and heater system and Swanbom's own negligent maintenance thereof." Doc. 11-2
9  at 8–9, ¶¶ 18(b), (h).  Plaintiffs object that "[i]t was certainly foreseeable that if Plaintiffs
10 negligently made changes to the pool equipment, for example, that it could cause physical
11 damage to someone else's property if they ever sold the property—which in fact they did."
12 Doc. 19 at 16.  But even assuming, as plaintiffs contend, that they had a broad duty to take care in
13 the maintenance of their property while they owned it, the buyer's claims were based on
14 plaintiffs' *failure to disclose* material conditions of the property in the context of the real estate
15 transaction.  The state complaint is based on the buyer's allegations that plaintiffs misrepresented
16 the state of the property at the time of the sale.  Even assuming, as plaintiffs contend, that they
17 had a broad duty to take care in the maintenance of their property while they owned it, there is no
18 indication plaintiffs were liable to the buyer for any negligent maintenance of the pool or property
19 while plaintiffs owned it, absent plaintiffs' sale contract with the buyer and their contractual duty
20 to disclose material defects to the buyer in connection with the sale.

21       The magistrate judge thus correctly found that the loss of use and property damage
22 allegations in the underlying complaint were asserted in the context of plaintiffs' failure to
23 accurately disclose the condition of the property. Doc. 18 at 20–21.  Similarly, the buyer's
24 negligence claim against plaintiffs in the state complaint is framed in terms of negligent failure to
25 disclose: "At the time [plaintiffs] made the above-alleged Representations, they had no reasonable
26 ground for believing the Representations to be true," and "[a]t the time [plaintiffs] failed to
27 disclose the true conditions at, and the true facts concerning, the Property, they had no reasonable
28 ground for believing their disclosures to be true, complete, and not misleading." Doc. 11-2 at 10,

¶¶ 23–24. Plaintiffs' remaining objections similarly do not undermine the magistrate judge's analysis.

As found by the magistrate judge, there is no possibility of coverage on the facts as currently pleaded in the complaint. "[I]n evaluating whether or not an insurance company has a duty to defend a particular lawsuit, California courts have consistently analyzed the nature of the transactions between the parties to the lawsuit. In this regard, when the fundamental nature of those transactions is economic, California courts have refused to find a duty to defend the lawsuit even though the litigation will encompass issues relating to property damage." *Cont'l Casualty Co. v. Superior Court*, 111 Cal. Rptr. 2d 849 (Cal. Ct. App. 2001). Applying that principle here, while "the defective condition of the property is an element of [the buyer's] claims, the defects cannot, even when interpreting the policy broadly, be considered the *cause* of [the buyer's] damages." *Safeco Ins. Co. of Am. v. Andrews*, 915 F.2d 500, 502 (9th Cir. 1990). The magistrate judge correctly concluded that the gravamen of the buyer's state complaint was economic harm and that the alleged cause of the buyer's damages was plaintiffs' failure to disclose defects on the property. *See* Doc. 18 at 27.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Travelers Commercial Insurance Company's motion to dismiss (Doc. 11) for failure to state a claim, filed April 3, 2024, is GRANTED WITH LEAVE TO AMEND; and

2. Plaintiffs shall file any amended complaint within twenty-one (21) days of the date of entry of this order.

IT IS SO ORDERED.

Dated:   June 6, 2025

_____
UNITED STATES DISTRICT JUDGE

4